860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy L. CRAWFORD, Plaintiff-Appellant,
v.
Billy COMPTON, Warden; George Osteen; Wayne Douglas,
Defendants-Appellees.
 No. 88-5400.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1988.
 
 Before KEITH, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Tennessee state prisoner seeks appointment of counsel in his appeal from the district court's judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Crawford filed suit against prison authorities, alleging that his fourteenth amendment due process rights were violated by the failure of the officials to process four of his grievances through the established prison grievance procedure in a timely manner. Upon consideration of the defendants' motion to dismiss, the district court concluded plaintiff failed to state a claim upon which relief could be granted. The district court reasoned there existed no constitutional right to a grievance process and that no constitutional violation arose from the officials' failure to follow established grievance procedures. The district court further noted that the plaintiff failed to respond to the motion to dismiss.
 
 
 4
 On appeal, plaintiff argues that he has a constitutional right to timely disposition of his grievance. Additionally, Crawford asserts that the district court erred in concluding he failed to respond to the defendants' motion to dismiss, and in dismissing the suit after entry of default against the defendants.
 
 
 5
 The record shows that the district court set aside the clerk's entries of default against the defendants by order entered December 18, 1987. The record further reflects that the pro se plaintiff filed a response to the defendants' motion to dismiss on November 17, 1987.
 
 
 6
 Upon review, we affirm the judgment of the district court. Although there is no inherent constitutional right to a prison grievance proceeding, see Hewitt v. Helms, 459 U.S. 460, 467 (1983), mandatory language contained in a state's laws, procedures or rules may create a protected liberty interest. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Beard v. Livesay, 798 F.2d 874, 876-79 (6th Cir.1986). Even assuming that the plaintiff possessed such a state-created liberty interest in the prison grievance procedure, we conclude he received all the process due him under the Constitution, and thus his liberty interest was not denied arbitrarily. See Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 108 S.Ct. 2015 (1988); Childs v. Pellegrin, 822 F.2d 1382, 1386-87 (6th Cir.1987). Review of the record reveals that plaintiff had access to the grievance system and that his claims were resolved, although two of his claims were not processed because they were essentially identical to a prior claim already in progress.
 
 
 7
 Although the district court may have erred in concluding that the plaintiff failed to respond to the motion to dismiss, that oversight is without consequence as the district court held that the lack of response was merely an additional basis for the dismissal of the complaint.
 
 
 8
 Accordingly, the motion for appointment of counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.